# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

DESCAMEDES Z. RICHARDSON                                   MOVANT

V.                                                   NO. 3:14CR63-GHD

UNITED STATES OF AMERICA                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

Descamedes Z. Richardson, a federal prisoner, is proceeding *pro se* on a motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has

submitted a response to Richardson's motion. Having considered the pleadings and the record,

including the relevant parts of Richardson's underlying criminal case, along with the relevant

law, the Court finds that an evidentiary hearing is unnecessary[1], and that Richardson's § 2255

motion should be denied.

### Relevant History

On April 30, 2014, a deputy with the DeSoto County Sheriff's Office initiated a traffic

stop of Richardson's vehicle, which contained Richardson and a female passenger. Upon being

asked for his driver's license and proof of insurance, Richardson advised that he was a felon with

a suspended license and that the female passenger was his sister. The deputy was given consent

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and
record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b);
*United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate
burden, however, to sustain his claims by a preponderance of the evidence. *United States v.
Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent
indicia of the likely merit" of the allegations made in the motion, a hearing is not required.
*United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

to search the vehicle. When questioned about her identity, the female passenger, later identified as being a fourteen year-old runaway from Memphis, Tennessee, gave the deputy a false name. The female opened her purse to find identifying information, and a second deputy who had arrived on the scene observed a handgun in her purse. Richardson and the minor female were arrested.

Following the arrest, the minor female admitted that she and Richardson had traveled from Memphis, Tennessee, to Southaven, Mississippi, to meet a person who intended to have sex with her in exchange for money. She also advised that Richardson had taken photographs of her in undergarments and advertised her as a prostitute on an internet site. The female also indicated that Richardson had previously arranged for her to have encounters with individuals who paid her money, which she split with Richardson, in exchange for sex. She stated that she never told Richardson her true age and indicated that Richardson believed her to be seventeen years-old. Investigators later found the photos described by the minor female on Richardson's cellular phone.

When Richardson was questioned by Investigator Hutchins of the DeSoto County Sheriff's Office on May 1, 2014, he stated that he believed his female passenger was seventeen years-old. Richardson claimed that he was aware she was a prostitute and admitted that she used his cellular phone to conduct business but stated he only drove her to "dates" and received gas money in return. In recorded calls seized from the Lafayette County Detention Center following his arrest, however, Richardson can be heard referencing his knowledge that the passenger was an underage prostitute.

On September 11, 2014, Richardson pleaded guilty to transporting a minor in interstate

2

commerce for illegal sexual activity and was sentenced in April 2015 to a term of imprisonment of 188 months and five years of supervised release.[2] Richardson did not appeal the Court's judgment.

On or about March 21, 2016, Richardson filed this § 2255 motion, asserting that his trial counsel rendered ineffective assistance (1) by failing to move to suppress his statements to law enforcement based on the fact that he had not been taking his psychiatric medications for two days at the time of his law enforcement interview on May 1, 2014; and (2) by allowing Richardson to plead guilty while Richardson was in an altered mental state, i.e., without being provided with his prescribed psychiatric medications.

## Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59

---

[2] Pursuant to the plea agreement, an additional count of felon in possession of a firearm was dismissed.

F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

### Discussion

Richardson's § 2255 claims allege that he received the ineffective assistance of counsel. In order for the Court to grant the relief requested by Richardson, he must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires him to demonstrate "that counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To establish deficient performance, the movant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

To prove prejudice, the movant must demonstrate that the result of the proceedings would have been different if counsel had performed effectively. *Id.* at 694. The prejudice inquiry does not merely require that the movant raise the "possibility of a different outcome," but rather, it requires the movant to "demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### Motion to Suppress

First, Richardson claims that counsel rendered ineffective assistance in failing to move to suppress his statements to Investigator Hutchins based on the fact that Richardson had not been taking prescribed psychiatric medication for two days at the time he gave incriminating

statements to law enforcement.

In *Colorado v. Connelly*, the United States Supreme Court rejected a defendant's argument that his psychosis or diminished mental state could, in itself, render a statement to law enforcement involuntary and thus, inadmissible. *Colorado v. Connelly* 479 U.S. 157 (1986). Rather, the Court determined that "[c]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Id.* at 167. In this case, there is no suggestion that Investigator Hutchins engaged in any coercive activity, or that he was aware that Richardson needed medication that he was not taking. Because there is no element of coercion surrounding the circumstances of Richardson's statement, the absence of medication would not have provided valid grounds for a challenge to the statement's admissibility. Therefore, Richardson cannot prove that the statement would have been suppressed had counsel challenged the statement on these grounds.

Moreover, there was evidence from which to convict Richardson of the charge even absent the admission of his statements to investigators. The factual basis submitted by the United States in support of the charges in the instant case derived primarily from facts observed by the arresting officer, statements Richardson made to the arresting officer at the scene of the arrest, statements made by the minor victim, and statements made by Richardson during recorded jailhouse calls. *See* ECF No. 49 at 15-20.

Additionally, the Court notes that defense counsel did file a motion to suppress all statements made and evidence seized in this case on Fourth Amendment grounds, which resulted in a suppression hearing. *See* ECF No. 16; ECF No. 24. That motion was unsuccessful. *See* ECF

No. 27-28. Richardson has failed to demonstrate that it was objectively unreasonable for counsel to fail to attempt to suppress his statements based on the additional issue of the absence of his medication.

Accordingly, for the reasons stated above, Richardson has failed to demonstrate that counsel performed deficiently in failing to file a suppression motion based on Richardson's failure to take his prescribed medication, or that he was prejudiced as a result of counsel's alleged failure.

<u>Guilty Plea</u>

Richardson, who states that he has been taking psychiatric medications since the age of five, claims that did not take his prescriptions between the dates of April 30, 2014 and September 2, 2014. ECF No. 46 at 14. Therefore, he claims, he had missed several months' doses of his medication just prior to his September guilty plea, which put him in an altered mental state that prevented him from properly comprehending his plea. He alleges that counsel rendered ineffective assistance in allowing him to plead guilty under these circumstances.

At the time of Richardson's change of plea hearing on September 11, 2014, the following transpired:

> THE COURT: Now, my next question is: Are you presently under
> the influence of any medicine, drug or alcoholic beverage that would
> affect your ability to think and reason?
> ANSWER: No, sir.
> [DEFENSE COUNSEL]: Your Honor, as I stated earlier, he normally takes a
> medication called Depakote, which is a psychiatric medication that
> he's been on for quite some time. I think three times a day.
> DEFENDANT: Yeah, I take two different kind of pills.
> [DEFENSE COUNSEL]: And he has not had that medication since Saturday.
> THE COURT: What's the problem? Why hasn't he had it?

THE DEFENDANT: I don't know. The jail – I usually – they – I usually get it in Oxford.

[DEFENSE COUNSEL]: They moved him to Monroe County, as they often do, last weekend, and he apparently has not received it since – you received it Saturday, the first day you were there?

THE DEFENDANT: Yes, sir.

[DEFENSE COUNSEL]: But he's not received it since then.

THE COURT: What's the government's position in this, Ms. Bradley?

[PROSECUTOR]: Certainly, Your Honor, we want to make sure that Mr. Richardson is thinking clearly, and if that's not the case today, then we would certainly propose that this matter be postponed. And only he knows whether he's able to think clearly and feels like he's thinking clearly today and can understand the questions and competent to proceed.

(CONFERRING OFF THE RECORD).

[DEFENSE COUNSEL]: He tells me that he feels comfortable going forward. And, as I said, I had a conversation with him before court where we discussed some of the details of the incident and why we were here, and he seemed to understand – I mean, he seemed to be able to rationally discuss that, so –

BY THE COURT:

Q: Do you understand my questions, Mr. Richardson?

A: Yes, sir.

Q: Okay, Well do you understand what's happening today, why you're before this court?

A: Yes, sir.

THE COURT: Mr. Lucas, I'm going to rely on what you tell me. You've had more contact with him.

[DEFENSE COUNSEL]: Your Honor, I've had a number of conversations with Mr. Richardson, and we come to be here today because of those conversations. And he certainly understood what we were doing when we signed the plea agreement and prepared to come forward in our plea.

He seemed to understand when I talked to him in the cell before we came here what we were here about, and so I believe he can go forward. I just wanted the Court to be aware of the situation in case we had any problems later on in the plea colloquy, but I – it is my belief he understands what we're doing and why we're here.

THE COURT: Very well. It appears to the Court that he understands, and the Court finds that he's competent to enter a plea of guilty. And if you have any problem with any of these questions, please let me know, Mr. Richardson. Okay?

THE DEFENDANT: Yes, sir.

ECF No. 49 at 5-7.

Accordingly, the change of plea transcript shows that defense counsel made this Court aware of the fact that Richardson was without his prescribed medication at the time of the hearing, and nothing in the transcript of the hearing suggests that Richardson failed to understand the charges against him, the potential penalties he might face, or the rights he was giving up by pleading guilty. *See Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (holding that for plea to be valid, defendant must have notice of charges, understand the consequences of plea, and understand the nature of constitutional protections he is waving by pleading guilty). Richardson was given a choice to postpone the proceeding and chose not to do so. There is nothing in the record to suggest to the Court that counsel performed deficiently in relation to Richardson's guilty plea, or that Richardson otherwise would not have pleaded guilty and would have insisted upon going to trial. *See Strickland*, 466 U.S. at 687-88; *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that in context of guilty plea, the *Strickland* prejudice requirement requires a defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial). Accordingly, there is no merit to Richardson's claim that counsel rendered ineffective assistance in allowing him to plead guilty.

### Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Richardson must obtain a COA before he may appeal the denial of

his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, the Court finds that a COA should not issue in this case.

### Conclusion

In sum, the Court finds no merit to Richardson's motion [46], and it is **DENIED**. A certificate of appealability from this decision is **DENIED**. A separate final judgment will issue today.

**SO ORDERED**, this the 29 day of June, 2016.

_____
**SENIOR U.S. DISTRICT JUDGE**