IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DESCAMEDES Z. RICHARDSON**                                              **MOVANT**

**V.**                                                            **NO. 3:14CR63-GHD**

**UNITED STATES OF AMERICA**                                           **RESPONDENT**

## ORDER DENYING RULE 60(b)(6) MOTION

This matter is before the Court on Movant's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* Doc. #54. On June 29, 2016, this Court entered a judgment denying Richardson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On or about February 6, 2017, Richardson filed the instant motion for relief from judgment, alleging that his psychological problems and learning disabilities rendered him incapable of adequately pursing his initial § 2255 motion. His limitations, he claims, caused a "defect in the integrity of the habeas proceeding" that requires the action to be reopened and counsel appointed to assist him.

### Discussion

A motion under Federal Rule of Civil Procedure 60(b)(6) allows a party to seek relief from a final judgment and have his case reopened upon the showing of "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) does not provide a means to attack "the substance of the federal court's resolution of a claim on the merits," but rather, it "attacks. . . some defect in the integrity of federal habeas proceeding." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Richardson claims that he could not fully explore his claims in his initial § 2255

motion, as his documented mental illness and limited intellect precluded him from adequately presenting his claims. He maintains, therefore, that he was effectively denied his right to access the courts and should be afforded the benefit of equitable relief.

As an initial matter, the Court notes that Richardson's § 2255 motion was not dismissed as time-barred, but rather, it was dismissed on its merits. Accordingly, Richardson's arguments that the time to file his motion should be equitably tolled due to his alleged incapacity is irrelevant to the instant motion. Moreover, the constitutional right of access to the courts, an aspect of the First Amendment and Fourteenth Amendment, provides inmates an "opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." *Lewis v. Casey*, 518 U.S. 343, 346, 384 (1996). To assert a denial of this right, an inmate must show the loss of a non-frivolous claim due to an official act that frustrated the litigation of his claim. *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002). Richardson lost no opportunity to present a non-frivolous claim to the Court due to the impediment of officials, as his § 2255 motion was presented to the Court and addressed on its merits by the Court.

The Court presumes Richardson has presented the Court with a "true" Rule 60(b) motion. However, it notes that to the extent his claim of mental deficiency invites review of the substantive claims previously decided on their merits, it is in substance a successive habeas petition requiring appellate authorization before it may be considered by this Court. *See Gonzalez*, 545 U.S. at 531; 28 U.S.C. § 2244(b)(3)(A) and (B). Absent such authorization, the Court is without jurisdiction to proceed. *See, e.g, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Therefore, the Court finds that Richardson has not demonstrated any "extraordinary circumstances" that would warrant Rule 60 relief, and his motion [54] is **DENIED**. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted). Additionally, for the reasons set forth herein, a certificate of appealability will not issue from this decision, as Richardson has not demonstrated that reasonable jurists would find this Court's assessment of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (holding appeal from the denial of Rule 60 motion usually requires a COA).

**SO ORDERED** this the 23rd day of February, 2017.

/s/ Glen H. Davidson
**SENIOR U.S. DISTRICT JUDGE**