IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DESCAMEDES Z. RICHARDSON                                                    MOVANT

V.                                                                  NO. 3:14CR63-GHD

UNITED STATES OF AMERICA                                                 RESPONDENT

## ORDER DENYING RULE 59(e) MOTION

This matter is before the Court on Richardson's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Doc. #57. Having fully considered Richardson's arguments and the applicable law, the Court is ready to rule.

### Background and Procedural History

On June 29, 2016, this Court entered a judgment denying Richardson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #52. On or about February 6, 2017, Richardson filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, alleging that his psychological problems and learning disabilities rendered him incapable of adequately pursing his initial § 2255 motion, thereby depriving him of his access to courts and causing a "defect in the integrity of the habeas proceeding" that requires this action to be reopened and counsel appointed to assist him. Doc. #54. On February 24, 2017, this Court denied the motion, noting that while it considered Richardson's motion a "true" Rule 60(b) motion, to the extent his claim of mental deficiency invited review of the substantive claims previously decided on their merits, it was in substance a successive habeas petition requiring appellate authorization before it could be considered by the Court. Doc. #55. *See Gonzalez*, 545 U.S. at 531; 28 U.S.C. § 2244(b)(3)(A) and (B)

On or about March 13, 2017, Richardson filed the instant "Motion to Alter or Amend Judgment Pursuant to Rule 59(e)," asserting that the motion is proper to determine whether the Court erred in denying his Rule 60(b) motion. *See* Doc. #57. He requests the Court reopen his § 2255 motion, appoint counsel to assist him, and allow him to file amendments to his initial motion. *Id.* at 3. Richardson maintains that he believes the Court misconstrued his argument in his Rule 60 motion, as he desires only "to clarify the facts and present[] the frivolous nature of the issues raised in his §2255 Motion as support of his mental deficiencies." Doc. #57 at 1-2.

## Discussion

Because the instant motion was filed within twenty-eight[1] days of the denial of Rule 60(b) relief, the Court may treat this motion as one for reconsideration of the Rule 60 motion under Rule 59. *Eleby v. Am. Med. Sys., Inc.*, 795 F.2d 411, 412 (5th Cir. 1986); *see also United States v. $670,706.55 (Six Hundred Seventy Thousand Seven Hundred Six Dollars & Fifty Five Cents)*, 367 F. App'x 532, 534 (5th Cir. Feb. 24, 2010). An order granting Rule 59(e) relief is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Richardson asks the Court to reopen his § 2255 motion, alleging that he was too mentally deficient to prepare a proper § 2255 motion. However, as the Court previously noted, to the extent Richardson's claim of mental deficiency invites review of the substantive claims

---

[1] *See Williams v. Thaler*, 602 F.3d 291, 303 n.7 (5th Cir. 2010) (noting amendment of Rule 59(e) extending the ten day filing deadline to twenty-eight days).

previously decided on their merits in his initial § 2255 motion, it is in substance a successive habeas petition requiring appellate authorization before it may be considered by this Court. *See Gonzalez*, 545 U.S. at 531; 28 U.S.C. § 2244(b)(3)(A) and (B). Absent such authorization, the Court is without jurisdiction to proceed. *See, e.g, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Moreover, even if Richardson's claims relate solely to the integrity of the proceedings, he is nonetheless not entitled to relief. As the Supreme Court explained in *United States v. MacCollom*, 426 U.S. 317, 323 (1976), due process "certainly does not establish any right to collaterally attack a final judgment of conviction." Therefore, if there is no right to collaterally attack a final judgment, there can be no derivative right to be competent to prepare a collateral attack on a judgment. *See, e.g., Ryan v. Gonzales*, 133 S. Ct. 696, 701-02, 707 (2013) (holding there is no right to competence in federal habeas proceedings). Accordingly, Richardson has failed to proven any justification that would warrant amendment of the prior Rule 60 order, and his motion [57] is, therefore **DENIED**.

Additionally, for the reasons set forth herein, a certificate of appealability will not issue from this decision, as Richardson has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Buck v. Thaler*, 452 F. App'x 423, 433 (5th Cir. 2011) ) (noting appeal from the denial of 59(e) motion requires a COA).

**SO ORDERED** this the 17th day of April, 2017.

**SENIOR U.S. DISTRICT JUDGE**